IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

3:17mj976 SALM

FILED
2017 MAY 19 AM 10 45
U.S. DISTRICT COURT
NEW HAVEN, CT.

IN RE: SUBPOENA TO TWITTER

Misc. No.

Filed Under Seal

## APPLICATION FOR ORDER COMMANDING TWITTER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA

The United States requests that the Court order Twitter not to notify any person (including the subscribers and customers of the account(s) listed in the attached subpoena) of the existence of the attached subpoena for 180 days.

Twitter is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Twitter to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing national security investigation that is neither public nor known to any of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by: giving targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or

endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Twitter not to disclose the existence or content of the attached subpoena, except that Twitter may disclose the attached subpoena to an attorney for Twitter for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on May 11, 2017.

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct20962
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821 3700 / (203) 773 5376 (fax)
Douglas.Morabito@usdoj.gov